UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

---------------------------------------------------x
:
IN RE PAINCARE HOLDINGS, INC.       :   CASE NO. 6:06-cv-362-Orl-28DAB
SECURITIES LITIGATION               :
                                    :
This Document relates to:           :
All Actions                         :
                                    :
---------------------------------------------------x

ORDER PRELIMINARILY APPROVING THE
SETTLEMENT, DIRECTING THE ISSUANCE OF NOTICE,
AND SCHEDULING A FAIRNESS HEARING

**WHEREAS**:

A. Lead Plaintiff, Employees' Retirement System of the Government of the Virgin Islands ("Lead Plaintiff"), and Defendants PainCare Holdings, Inc., Randy Lubinsky and Mark Szporka (collectively, the "Settling Parties"), have entered into a stipulation of settlement ("Stipulation of Settlement") of the claims asserted against the Defendants in the class actions consolidated in *In re PainCare Holdings, Inc. Securities Litigation,* No. 6:06-cv-362-Orl-28DAB, the terms of which are set forth in the Stipulation of Settlement, dated May 7, 2008 and any subsequent amendment thereto that may be entered into by the parties;

B. The Settling Parties have moved, pursuant to Rule 23(e) of the Federal Rules

of Civil Procedure, for an Order preliminarily approving the Settlement and providing notice of the proposed Settlement to the Settlement Class; and

C. The Court, having read and considered the Stipulation of Settlement, the proposed Notice of Settlement (the "Notice"), the Proposed Summary Notice (the "Summary Notice"), the Proposed Plan of Allocation, the Proposed form of the Proof of Claim and Release and the Proposed Notice Plan ("Notice Plan"), having considered all other papers and arguments submitted in connection with the Settling Parties' motion, and finding that substantial and sufficient grounds exist for entering this Order,

IT IS HEREBY ORDERED:

1. For purposes of this Order, the Court adopts all defined terms as set forth in the Stipulation of Settlement. Any inconsistencies between the Stipulation of Settlement and the Notice approved herein will be controlled by the language of the Stipulation of Settlement.

2. The Court preliminarily approves the Settlement, as reflected in the Stipulation of Settlement, as being fair, just, reasonable and adequate, pending a final hearing on the Settlement.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating this Settlement, a Settlement Class defined as follows:

> of all persons who purchased or otherwise acquired common stock of PainCare between March 24, 2003 and March 15, 2006, inclusive ("Settlement Class Period"), and were damaged thereby, excluding Defendants, the officers and directors of PainCare during all or any portion of such period, members of their immediate families, their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are any putative Settlement Class Members who exclude themselves by submitting a request for exclusion in accordance with the

requirements set forth in the Settlement Notice.

**<u>NOTICE</u>**

4. Lead Plaintiff shall provide to members of the Settlement Class the Notice in conformity with the Notice Plan attached to the Stipulation of Settlement as Exhibit D, including notice of the hearing on the proposed Settlement, the request for approval of the Plan of Allocation and Lead Counsel's application for an award of attorneys' fees and payment of expenses as follows:

a. No later than June 17, 2008, a copy of the Notice, together with a copy of the Proof of Claim, substantially in the form annexed hereto as Exhibits A and B, respectively, shall be mailed by first class mail, postage prepaid, to all members of the Settlement Class.

b. A Summary Notice substantially in the form annexed hereto as Exhibit C shall be published once in the national edition of *The Wall Street Journal* and further published electronically over the *PR Newswire* within two weeks after the mailing of the Notice; and

c. The Notice, Summary Notice and Proof of Claim shall further be placed on the web site maintained by the Claims Administrator, as approved herein by the Court, at www.hrsclaimsadministration.com.

5. The Court approves the form of Notice, Summary Notice and Proof of Claim and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in paragraph 4 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitute the best notice practicable under the circumstances.

6. To effectuate the provision of notice provided for in paragraph 4 hereof, and the collection, analysis and determination of Proofs of Claim submitted in accordance with the terms of the Notice, and other actions required by this Order, Lead Counsel is authorized to retain Heffler, Radetich, & Saitta L.L.P., or such other similarly qualified entity as may be required, as Claims Administrator and may pay the reasonable and customary fees and costs associated with the review of claims and administration of the Settlement out of the Notice and Administration Fund, or the Settlement Fund as appropriate, without further order of the Court.

7. 10 calendar days before the date fixed by this Court for the Fairness Hearing, Lead Counsel shall cause to be filed with the Clerk of this Court affidavits or declarations of the person or persons under whose general direction the mailing of the Notice and the publication of the Summary Notice shall have been made, showing that such mailing and publication have been made in accordance with this Order.

8. Lead Counsel is authorized and directed to prepare any tax returns required to be filed on behalf of the Settlement Fund and to cause any taxes due and owing to be paid from the Settlement Fund.

9. Members of the Settlement Class wishing to exclude themselves from this Settlement must submit a request for exclusion. Any Request for Exclusion forms must be submitted no later than August 18, 2008. Within 7 calendar days of receipt by Lead Counsel or the Claims Administrator of any Request for Exclusion, copies of all such forms shall be provided to counsel for Defendants.

**HEARING: RIGHT TO BE HEARD**

10. The Court shall hold a hearing on Monday, September 15, 2008 at 9:30

a.m. (the "Fairness Hearing"), or at another date and time convenient for the Court, at which time the Court shall address the fairness, reasonableness and adequacy of the Settlement, the fairness and reasonableness of the Plan of Allocation, and Lead Counsel's application for attorneys' fees and payment of expenses. The Fairness Hearing shall be held at the United States District Court for the Middle District of Florida, Orlando Division, located at United States Courthouse, 401 West Central Boulevard, Orlando, FL 32801-0120. Papers in support of the Settlement, the Plan of Allocation, and Lead Counsel's application for attorneys' fees and payment of expenses, shall be submitted by August 1, 2008.

11. Any Settlement Class Member may appear at the Fairness Hearing to show cause why the proposed Settlement should or should not be approved as fair, reasonable and adequate; why the Judgment should or should not be entered; why the Plan of Allocation should or should not be approved as fair and reasonable; or why Lead Counsel should or should not be awarded attorneys' fees and payment of expenses in the amounts sought by Lead Counsel with the approval of Lead Plaintiff; *provided, however,* that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the Judgments and Orders to be entered approving the same, the proposed Plan of Allocation or Lead Counsel's application for an award of attorneys' fees and payment of expenses, unless on or before August 11, 2008, such Settlement Class Member has properly and timely served by hand or by first-class mail for receipt by such date by the counsel listed below written objections and copies of any supporting papers and briefs (which must contain proof of all purchases, acquisitions, sales and dispositions of publicly traded securities of PainCare Holdings,

Inc. made by such Settlement Class Member during the Settlement Class Period) upon Lead Counsel and counsel for Defendants:

| | |
|---|---|
| Plaintiff's Lead Counsel: | BARRACK RODOS & BACINE<br>MARK R. ROSEN<br>3300 Two Commerce Square<br>2001 Market Street<br>Philadelphia, PA 19103 |
| | and |
| Defendants' Counsel: | JONES DAY<br>ERIC LANDAU<br>3 Park Plaza, Suite 1100<br>Irvine, CA 92614 |

and has filed by August 11, 2008, said objections, papers and briefs with the Clerk of the United States District Court for Middle District of Florida.

12.  Any Settlement Class Member or Non-Settling Party who does not object in the manner prescribed above shall be deemed to have waived such objection and shall be forever foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, the Judgments and orders to be entered approving the Settlement, the Plan of Allocation, or Lead Counsel's application for an award of attorneys' fees and payment of expenses.

13.  In the event any Settlement Class Member or Non-Settling Party timely and properly serves and files written objections, as set forth above, Lead Counsel and counsel for Defendants may, as they deem appropriate, submit reply papers in support of the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and payment of expenses by August 22, 2008.

14. If approved, all Settlement Class Members will be bound by the proposed Settlement provided for in the Stipulation, and by any judgment or determination of the Court affecting Settlement Class Members, regardless of whether or not a Settlement Class Member submits a Proof of Claim.

15. The Court expressly reserves the right to adjourn or continue the Fairness Hearing, or any adjournment or continuance thereof, without any further notice other than an announcement at the Fairness Hearing or any adjournment or continuance thereof, and to approve the Stipulations with modification and without further notice to members of the Settlement Class. The Court retains jurisdiction of this Action to consider all further applications arising out of or connected with the proposed Settlement, and as otherwise warranted.

## CLAIMS PROCESS

16. In order to be entitled to participate in the Settlement, a Settlement Class Member, as defined in the Stipulation of Settlement, must timely submit a valid Proof of Claim, substantially in the form annexed as Exhibit B hereto, to:

In re PainCare Holdings, Inc. Securities Litigation
c/o Heffler, Radetich, & Saitta L.L.P.
P.O. Box 58723
Philadelphia, Pennsylvania 19102-8723

To be valid and accepted, a Proof of Claim submitted in connection with this Settlement must be postmarked on or before October 14, 2008.

17. Once the Claims Administrator has considered a timely submitted Proof of Claim, Lead Counsel, through the Claims Administrator, shall determine, based upon the Plan of Allocation, as approved by the Court, whether such claim is valid, deficient or

rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or a rejection letter, as appropriate, describing the bases on which the claim was so determined. Each Settlement Class Member who receives a deficiency letter or rejection letter shall have 14 calendar days from the date of such letter to supply to the Claims Administrator documentation and/or an explanation sufficient to remedy the deficiency or rejection. Any Settlement Class Member who receives a deficiency letter or a rejection letter and who fails to submit documentation or explanation sufficient to remedy the deficiency or reason for rejection within the time prescribed herein shall have such claim deemed finally rejected. Such finally rejected claims shall be submitted to the Court as rejected claims at such time as Lead Plaintiff moves the Court for an Order approving distribution of the Net Settlement Fund, unless the recipient objects in writing to the deficiency letter or rejection letter, in which case the claim shall be submitted to the Court as a disputed claim. Notice of any hearing on such motion shall be provided to all Settlement Class Members whose claims are disputed.

18. If a Settlement Class Member timely responds to a deficiency letter or rejection letter by providing an explanation and/or documentation in response to such a deficiency letter or rejection letter, Lead Counsel, through the Claims Administrator, shall determine whether such explanation and/or documentation is sufficient to remedy the deficiency or reason for rejection. If Lead Counsel, through the Claims Administrator, determines that the explanation and/or documentation submitted in response to the deficiency letter or the rejection letter is sufficient, such claim shall be deemed a valid claim. If, on the other hand, Lead Counsel, through the Claims Administrator, determines

that the explanation and/or documentation is not sufficient to remedy the deficiency or reason for rejection, such claim shall be deemed finally rejected. Such finally rejected claims shall be submitted to the Court as disputed claims at such time as Lead Plaintiff moves the Court for an Order approving distribution of the Net Settlement Fund. Notice of any hearing on such motion shall be provided to all Settlement Class Members whose claims are disputed.

19. The Court shall retain continuing jurisdiction over the Settlement, as well as the administration thereof.

**IT IS SO ORDERED.**

Dated: 5/16/08

JOHN ANTOON, II
United States District Court Judge