UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

---------------------------------------------------------- x
                                                           :
IN RE PAINCARE HOLDINGS, INC.                              :    CASE NO. 6:06-cv-362-Orl-28DAB
SECURITIES LITIGATION                                      :
                                                           :
This Document relates to:                                  :    ELECTRONICALLY FILED
All Actions                                                :
                                                           :
---------------------------------------------------------- x

## FINAL JUDGMENT ORDER

AND NOW, this _15_ day of _September_, 2008, upon consideration of the Motion of Lead Plaintiff, the Employees' Retirement System of the Government of the Virgin Islands ("Lead Plaintiff") for Final Approval of Class Action Settlement with Defendants PainCare Holdings, Inc., Randy Lubinsky and Mark Szporka (collectively "Defendants"), any responses thereto, and a hearing having been held on September 15, 2008, and good cause having been shown, the Court expressly directs the entry of the following Final Judgment:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. For purposes of this Final Judgment, the Court adopts all defined terms set forth in the Stipulation and Agreement of Settlement (the "Stipulation") between Lead Plaintiff and Defendants.

2. The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Settlement Class members. The parties to the Settlement are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation, which was filed with the Court on May 7, 2008 (Docket # 143).

3. The Court hereby certifies the proposed Settlement Class, which consists of: All persons who purchased or otherwise acquired common stock of PainCare between March 24, 2003 and March 15, 2006, inclusive ("Settlement Class Period"), and were damaged thereby, excluding Defendants, the officers and directors of PainCare during all or any portion of such period, members of their immediate families, their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are all the persons and entities listed on Exhibit 1 attached, each of whom timely filed a valid request for exclusion from the Settlement Class for this Settlement.

4. The Amended Class Action Consolidated Complaint ("Complaint") is hereby dismissed on the merits as against all Defendants. The Court finds, pursuant to §27(c)(1) of the Private Securities Litigation Reform Act, 15 U.S.C. 78u-4(c)(1), that all of the complaints filed by any plaintiff in the Litigation, and all responsive pleadings and motions filed in this Action by Defendants were made in full compliance with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

5. The Court hereby finds that the Notice described herein provided the best notice practicable under the circumstances. Said Notice provided due and adequate notice of these proceedings and the matters set forth herein, including the Settlement and the Plan of Allocation, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process. Due and adequate notice of the proceedings has been given to the Settlement Class members, and a full opportunity has been offered to the Settlement Class to object to the proposed Settlement and to participate in the hearing thereon. Thus, it is hereby determined that all members of the Settlement Class who did not elect to exclude themselves by written

communication postmarked or delivered on or before August 18, 2008, as required in the Notice of Pendency and the Order of May 16, 2008, are bound by this Judgment.

6. Lead Plaintiff and each member of the Class (other than those persons identified on Exhibit 1) are permanently barred and enjoined from prosecuting against Defendants and all of its present and former parents, affiliates, subsidiaries, predecessors and successors and their respective present and former officers, directors, employees, partners, limited partners, heirs, executors, administrators and assigns, all manner of claims, demands, actions, suits, causes of action, whether class, individual or otherwise, including without limitation any claims for costs, expenses, penalties, or attorneys' fees, known or unknown, suspected or unsuspected, in law or in equity, on behalf of Lead Plaintiff and any and all members of the Class who are not identified on Exhibit 1 (including all of their present and former parents, affiliates, subsidiaries, predecessors and successors and their respective present and former officers, directors, employees, partners, limited partners, heirs, executors, administrators and assigns), arising under the securities laws of the United States or of any state or other jurisdiction, or under any similar statutory or common law, through the date on which the Stipulation, which have been, might have been, are now or could be asserted in the Actions and which relate to or arise out of any alleged unlawful conduct under the securities laws of the United States, and all such manner of claims, demands, actions, suits, and causes of action are hereby released and forever discharged. Nothing in this Order shall (i) limit the right of any Class member who is not identified on Exhibit 1 to submit a proof of claim and participate in the settlement.

7. Each member of the Class (other than those persons listed in Exhibit 1) has expressly agreed to waive and release, and shall be deemed to have waived and released, any and all provisions, rights and benefits conferred by §1542 of the California Civil Code, which reads:

> Section 1542. <u>Certain Claims Not Affected by General Release</u>. A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to §1542 of the California Civil Code.

8. Neither the Stipulation, nor any of its terms and provisions, nor any of the agreements, negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

   a. Offered or received as evidence of or construed as or deemed to be evidence of liability or a presumption, concession or an admission by any of the Defendants of the truth of any fact alleged or the validity of any claim that has been, could have been or in the future might be asserted in the Action or in any litigation, or otherwise against the Defendants, or of any purported liability, negligence, fault, wrongdoing or otherwise of the Defendants; or

   b. Offered or received as evidence of or construed as or deemed to be evidence of a presumption, concession or an admission of any purported violation of law, breach of duty, liability, default, wrongdoing, fault, misrepresentation or omission in any statement, document, report or financial statement heretofore or hereafter issued, filed, approved or made by any of the Defendants or otherwise referred to for any other reason, other than for the purpose of and in such proceeding as may be necessary for construing, terminating or enforcing the Stipulation; or

   c. Deemed to be or used as an admission of any liability, negligence, fault or wrongdoing of any Defendant in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or

4

      d.    Construed as a concession or an admission that the Lead Plaintiff or the Settlement Class members have suffered any damage or as an admission or concession that the consideration to be given in the Settlement represents the amount which could be or would have been awarded to Lead Plaintiff or the Settlement Class members after trial; or

      e.    Construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or the Settlement Class members, or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

9.    Exclusive jurisdiction is hereby retained over the parties and the Settlement Class members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Judgment.

10.    The finality of this Judgment shall not be affected, in any manner, by rulings that the Court may make on Lead Plaintiff's Plan of Allocation and/or Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses. There shall be no distribution of any of the Settlement Fund to any Settlement Class member until a plan of allocation is finally approved and is affirmed on appeal or is no longer subject to review by timely appeal or certiorari, specifically excluding the application of Rule 60(b) of the Federal Rules of Civil Procedure, and the time for any petition for rehearing, appeal, or review, by certiorari or otherwise, of the order approving the Plan of Allocation has expired.

11.    The Court finds that the Class members identified on the schedule attached hereto as Exhibit 1, and no others, have timely requested to be excluded from the Class and accordingly are not included in or bound by the Final Judgment being entered pursuant to this Order.

12. Except as provided in the Stipulation, Defendants shall have no obligation for attorneys' fees, costs or expenses, including but not limited to expenses of administering and distributing the Settlement Fund, which expenses are to be paid out of settlement funds subject to further order of this Court.

13. In the event this Judgment does not become final (including, by way of example and not limitation, being vacated, modified or reversed on appeal), it shall be rendered null and void and shall be vacated and, in such event, (i) all orders entered and releases delivered in connection therewith shall be null and void, (ii) the Settlement Class shall be automatically decertified without prejudice to Lead Plaintiff's right to seek, or defendants' right to oppose, class certification in the future, the settlement amount or any portion thereof or interest thereon shall be returned to Defendants or its insurer as provided in the Stipulation.

14. There is no just reason for delay in the entry of this Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: 9/15, 2008

BY THE COURT:

Honorable John Antoon, II
United States District Judge

*In re PainCare Holdings, Inc. Securities Litigation*
Case No. 6:06-cv-362-Orl-28DAB

Valid Exclusions

| Name | Date of Letter | Date HRC Received |
| --- | --- | --- |
| Thomas F. Cicero | 06/30/2008 | 07/03/2008 |
| Cornell Family Living Trust | 07/02/2008 | 07/07/2008 |
| Reneau Family Trust | 07/09/2008 | 07/14/2008 |
| Scott C. Wehner | 07/28/2008 | 07/31/2008 |
| Peter & Soultana Plikas | 08/06/2008 | 08/11/2008 |
| David R. Mandrioli | 07/15/2008 | 07/18/2008 |

EXHIBIT 1

61588